UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISON

Case No.: 13-cv-80923-RYSKAMP/HOPKINS

TODD STANAFORD a/k/a JERALD TODD
STANAFORD, on behalf of himself and all
others similarly situated,

      Plaintiff,

vs.

ROBERT DONALD BRUCE GENOVESE,
WILLIAM TAFURI, GEOFFREY BROWNE,
BG CAPITAL GROUP LTD, LOOK BACK
INVESTMENTS, INC. AND LIBERTY
SILVER CORPORATION,

      Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS [DE 114]

**THIS CAUSE** comes before the Court on Defendants Robert Donald Genovese, BG Capital Group, Ltd., Look Back Investments, Inc., and Outlook Investments, Inc. ("Defendants") motion to dismiss **[DE 114]**, filed on November 13, 2014, Plaintiffs Todd Stanaford's and all others similarly situated ("Plaintiffs") third amended complaint. Plaintiffs responded **[DE 118]** on December 5, 2014. Defendants replied **[DE 122]** on January 5, 2015. The Court held a hearing on the motion to dismiss on February 9, 2015. This matter is now ripe for adjudication.

**I.**  **Background**

This case involves claims of a "pump-and-dump" scheme, in violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Securities and Exchange Commission Rule 10b-5. Plaintiffs allege that Defendants manipulated the common stock of Liberty Silver Corporation ("Liberty Silver"), a silver mining company. Plaintiff contends, through confidential

1

witness testimony, that Defendants purchased millions of shares of Liberty Silver stock, "pumped" the price of the stock by publically issuing materially false or misleading statements through corrupt third-party promoters, and then "dumped" the stock by selling the shares at an artificially inflated price, which yielded millions in profit.

## II.     Legal Standard for Motion to Dismiss

In order to state a claim for relief, Federal Rule of Civil Procedure Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the Court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, "a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for her." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

## III.    Discussion

The Court finds that there is a plausible claim for a "pump-and-dump" scheme, in violation of section 10(b) of the Securities Exchange Act and SEC Rule 10b-5.

Section 10(b) of the Securities Exchange Act makes it

> [U]nlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange –
>
> [t]o use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

15 U.S.C. § 78j. The SEC, pursuant to this section, promulgated Rule 10b-5, which makes it unlawful:

> (a) To employ any device, scheme, or artifice to defraud,
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,
> in connection with the purchase or sale of any security.

17 CFR § 240.10b–5.

"In a typical § 10(b) private action a plaintiff must prove (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 157, 128 S. Ct. 761, 768, 169 L. Ed. 2d 627 (2008).

Plaintiffs sufficiently allege that Defendants violated section 10(b) of the Exchange Act and SEC Rule 10b-5. Specifically, Plaintiffs contend the following: Defendants allegedly filed a Form S-1 with the SEC, registering 2,420,000 shares at $.05 per share. At the time, Plaintiffs contend that Liberty Silver had no employees, cash, property, or assets. Plaintiffs claim that, through covert purchases, Defendants acquired a substantial portion of the shares. Thereafter, Defendants allegedly promoted the stock by utilizing corrupt, third-party brokers and knowingly disseminating materially

3

false or misleading statements about Liberty Silver through the media.  For example, Plaintiffs allege that Defendants exaggerated Liberty Silver's resources to influence the market for Liberty Silver's securities. Furthermore, Plaintiffs contend that the third-party promoters, which included brokers and newsletter writers, were being paid by Defendants to pitch Liberty Silver stock.  Such promotions were purportedly issued by people claiming to be independent third parties.  Plaintiffs claim that, as a result of the misleading information, the market price of Liberty Silver's securities was artificially inflated.  Plaintiffs contend that they purchased the securities at the artificially inflated price and relied upon the price of the securities and the statements disseminated by Defendants. Subsequently, Plaintiffs allegedly suffered huge losses when Defendants "dumped" large blocks of Liberty Silver stock by selling 6,600,000 shares at $1.31 per share.  Such allegations are sufficient to state a claim under section 10(b) of the Securities Exchange Act and SEC Rule 10b-5.

**IV.     Conclusion**

The Court has carefully considered the motion, response, reply, applicable law, and pertinent portions of the record.  For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendants' motion to dismiss Plaintiffs' third amended complaint is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 10 day of February 2015

/s/ Kenneth L. Ryskamp             
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE