# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

TODD STANAFORD a/k/a JERALD TODD
STANAFORD, on behalf of himself and all
others similarly situated,

Case No. 9:13-cv-80923 (KLR)

                    Plaintiffs,

      vs.

ROBERT DONALD BRUCE GENOVESE,
WILLIAM TAFURI, GEOFFREY BROWNE,
BG CAPITAL GROUP LTD, LOOK BACK
INVESTMENTS, INC., OUTLOOK
INVESTMENTS, INC., AND LIBERTY
SILVER CORPORATION,

                    Defendants.

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, an action is pending before this Court styled *Todd Stanaford v. Robert Donald Bruce Genovese, et al.*, No. 4:13-cv-80923 (the "Action");

WHEREAS, the Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the partial settlement of this Action, in accordance with a Stipulation of Settlement dated as of February 20, 2015 (the "Stipulation"), which, together with the exhibits annexed thereto, set forth the terms and conditions for the proposed Settlement of this Action and for dismissal of this Action with prejudice against Defendants Liberty Silver Corporation, Geoffrey Browne, and William Tafuri upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Stipulation unless otherwise defined.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2.     A hearing (the "Final Approval Hearing") shall be held before the Court on *July 17*, 2015, at *9⁰⁰* a.m., at the Paul G. Rogers Federal Building and United States Courthouse, 701 Clematis Street, West Palm Beach, FL 33401, Courtroom 1, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a Final Judgment and Dismissal as to the claims against Liberty Silver Corporation, Geoffrey Browne, and William Tafuri (the "Liberty Silver Defendants"), as provided in Section

1

I.A ¶9 of the Stipulation, should be entered herein; to determine whether the proposed Plan of Allocation should be approved; and to determine the amount of attorneys' fees and expenses that should be awarded to Lead Counsel and the amount, if any, of reimbursement awards to be made to Lead Plaintiffs. The Court may adjourn the Final Approval Hearing without further notice to Members of the Settlement Class.

3.      Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court conditionally appoints, for purposes of effectuating the Settlement, Lead Plaintiffs Todd Stanaford and Philip Hobley as class representatives.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally certifies, for purposes of effectuating the Settlement, a Class of all Persons who purchased or otherwise acquired the publicly traded securities of Liberty Silver Corporation (OTC: LBSV) ("Liberty Silver" or the "Company") during the period February 10, 2010 through October 5, 2012, inclusive (the "Settlement Class Period"), and were damaged thereby. Excluded from the Settlement Class are each of the Defendants; any parent or subsidiary, present or former director, officer, or subsidiary of any of the Defendants; any entity in which any Defendant respectively has a controlling interest; Defendants' respective legal representatives, heirs, successors and assigns; and any immediate family member of an individual defendant. Also excluded from the Settlement Class are those Persons who request exclusion from the Settlement Class in such form and manner, and within such time, as the Court shall prescribe.

5.      With respect to the Settlement Class, the Court preliminarily finds for purposes of effectuating the Settlement that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of

2

law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) the Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6.     The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice ("Summary Notice") annexed as Exhibits A-1, A-2, and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶7-8 of this Order meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7.     Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints Heffler Claims Group ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

3

(a)     Not later than seven (7) calendar days after the date of this order (the "Notice Date"), Liberty Silver shall provide the Claims Administrator with an electronic and searchable list of Liberty Silver's registered shareholders, as appropriate for providing notice to those shareholders.

(b)     Not later than fifteen (15) calendar days after the date of this order, the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Settlement Class Members who can be identified with reasonable effort;

(c)     Not later than twenty (20) calendar days after the date of this order, the Claims Administrator shall cause the Summary Notice to be published once in the national, news-oriented business publication *Investor's Business Daily* and once electronically over *PR Newswire*;

(d)     Not later than twenty (20) calendar days after the date of this order, the Claims Administrator shall cause the Stipulation and its Exhibits to be posted on the following website: www.LibertySilverSettlement.com; and

(e)     On or before seven (7) calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be served on Defendants' Counsel and filed with the Court proof, by affidavit or declaration, of such mailing, publishing, and posting.

8.     Nominees who held Liberty Silver common stock purchased during the period February 10, 2010 through October 5, 2012, inclusive, for the beneficial ownership of another Person, shall send the Notice and the Proof of Claim to such beneficial owners of such Liberty Silver common stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days

4

of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Proof of Claim to such beneficial owners. The Claims Administrator shall, if requested, reimburse from the Settlement Fund banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of the Court with respect to any dispute concerning such compensation. Nominees who do not intend to comply with the provisions of this paragraph shall be requested to notify the Claims Administrator of that fact.

9.       All fees, costs, and expenses incurred in identifying and notifying Members of the Settlement Class shall be paid from the Settlement Fund and in no event shall Defendants or the D&O Insurer bear any responsibility for such fees, costs, or expenses, except as provided in Section IV.A of the Stipulation.

10.       All Members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

11.       Settlement Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked no later than 90 (ninety) calendar days after Notice is sent to prospective Settlement Class Members. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court or

allowed by the Stipulation, but shall nevertheless be bound by the Final Judgment and Dismissal with Prejudice.

12.     Any Person who desires to request exclusion from the Settlement Class shall do so within the time set forth and in the manner described in the Notice.  All requests for exclusions must be postmarked no later than twenty-one (21) calendar days prior to the Final Approval Hearing.  Upon receiving any request(s) for exclusion, the Claims Administrator shall promptly notify Lead Counsel and Defendants' Counsel of such request(s) and provide them copies of such request(s) and documentation accompanying them by facsimile or electronic mail.

13.     All Persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment and Dismissal with Prejudice entered in the Action.

14.     Any Member of the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its choice.  If he, she or it does not enter an appearance, he, she or it will be represented by Lead Counsel.

15.     Any Settlement Class Member may appear and show cause, if he, she or it has any reason why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why the Final Judgment and Dismissal as to the Liberty Silver Defendants should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel or why reimbursement awards should not be made to Lead Plaintiffs; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the

6

approval of the terms and conditions of the proposed Settlement, or, if approved, the Final Judgment and Dismissal to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel or the reimbursement awards to Lead Plaintiffs, unless that Person has filed said objections, papers, and briefs with the Clerk of the United States District Court for the Southern District of Florida no later than twenty-one (21) calendar days prior to the Final Approval Hearing, and delivered copies of any such papers to Federman & Sherwood, Attn: William B. Federman, 10205 N. Pennsylvania Avenue, Oklahoma City, OK 73120 and Akin Gump Strauss Hauer & Feld, Attn: Michelle A. Reed, 1700 Pacific Avenue, Suite 4100, Dallas, Texas, 75201, such that they are received on or before the same date. Any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or the reimbursement awards to Lead Plaintiffs, unless otherwise ordered by the Court.

16.     All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17.     All papers in support of the Settlement, the Plan of Allocation, and the application for attorneys' fees or expenses shall be filed and served no later than thirty (30) calendar days prior to the Final Approval Hearing. If reply papers are necessary, they shall be filed and served no later than seven (7) calendar days prior to the Final Approval Hearing.

7

18.    Neither the Liberty Silver Defendants nor the Released Parties shall have any responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees or expenses or requests for reimbursement awards to Lead Plaintiffs submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

19.    At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel and any application for attorneys' fees or expenses, or reimbursement awards to Lead Plaintiffs, shall be approved.

20.    All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund, as provided in the Stipulation.

21.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any of the Liberty Silver Defendants or the Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of, or an admission or concession that Plaintiffs or any Settlement Class Members have suffered any damages, harm or loss.

22.    Pending final determination of whether the Settlement should be approved, none of Plaintiffs or Settlement Class Members, or anyone who acts or purports to act on their behalf, shall

institute, commence or prosecute any action that asserts Released Claims against the Liberty Silver Defendants or the Released Parties.

23.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned pursuant to the terms of the Stipulation, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

24.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

DATED:  _Mar 9, 2015_   _____
THE HONORABLE KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE