**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:13-cv-80923 (KLR)

| |
|---|
| TODD STANAFORD a/k/a JERALD TODD STANAFORD, on behalf of himself and all others similarly situated, |
| Plaintiffs, |
| vs. |
| ROBERT DONALD BRUCE GENOVESE, WILLIAM TAFURI, GEOFFREY BROWNE, BG CAPITAL GROUP LTD, LOOK BACK INVESTMENTS, INC., OUTLOOK INVESTMENTS, INC., AND LIBERTY SILVER CORPORATION, |
| Defendants. |

**FINAL JUDGMENT AND ORDER OF DISMISSAL**

This matter came before the Court for hearing pursuant to the Order of this Court, dated March 10, 2015, on the application of the Parties for approval of the partial Settlement between Plaintiffs and Defendants Liberty Silver Corporation, Geoffrey Browne, and William Tafuri (the "Liberty Silver Defendants"), set forth in the Stipulation of Settlement, dated February 20, 2015 (the "Stipulation").  Due and adequate notice having been given of the Settlement as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. This Final Judgment and Order of Dismissal incorporates by reference the definitions in the Stipulation, and all terms used herein and otherwise not defined shall have the same meanings set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Settlement Class.

3. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court herby appoints, for purposes of effectuating this Settlement, Lead Plaintiffs Todd Stanaford and Philip Hobley as class representatives.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court herby certifies, for purposes of effectuating the Settlement, a Settlement Class of all Persons who purchased or otherwise acquired the publicly traded securities of Liberty Silver Corporation (OTC: LBSV) ("Liberty Silver" or the "Company") during the period February 10, 2010 through October 5, 2012, inclusive, and were damaged thereby, including any and all of their respective successors-in-interest, successors, trustees, executors, administrators, estates, heirs, assigns and transferees, and any person or entity acting for or on behalf of, or claiming under, any of them. Excluded from the Settlement Class are each of the Defendants; any parent or subsidiary, present

or former director, officer, or subsidiary of any of the Defendants; any entity in which any Defendant respectively has a controlling interest; Defendants' respective legal representatives, heirs, successors and assigns; and any immediate family member of an individual defendant. Also excluded from the Settlement Class are those Persons who request exclusion from the Settlement Class in such form and manner, and within such time, as the Court shall prescribe.

5. With respect to the Settlement Class, this Court finds for purposes of effectuating the Settlement that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class, the Action and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to Lead Plaintiffs and the other Settlement Members of the Class, and as against each and all of the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, Plaintiffs and each of the Class Members.  The Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Plaintiffs, Settlement Class Members, and the Liberty Silver Defendants.  Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions.  The Parties are hereby directed to perform the terms of the Stipulation.

8. Upon the Effective Date, Lead Plaintiffs and each of the Settlement Class Members, on behalf of themselves, their current, former or future directors, officers, partners, members, employees, shareholders, attorneys, consultants, accountants or auditors, banks, investment banks, advisors, agents, personal and legal representatives, insurers, reinsurers, predecessors, successors, parents, subsidiaries, divisions, joint venturers, assigns, spouses, heirs, devisees, executors, trustees, administrators, principals and related and affiliated entities, any partnership in which one or more of them is a general or limited partner, any entity in which one or more of them has a controlling interest, any member of the family of one or more of them, and any trust or foundation of which one or more of them is the settlor or which is for the benefit of one or more of them or a member of the family of one or more of them, or any of them, to the extent possible, shall be deemed to have, and by operation of this Final Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Liberty Silver Defendants and the Released Parties, whether or not such Class Member executes and delivers a Proof of Claim and Release form.  The Parties acknowledge, and the Class Members shall be deemed by operation of law to acknowledge, that

the inclusion of Unknown Claims (as defined in the Stipulation) in the definition of Released Claims was separately bargained for and was a key element of the Settlement of which this release is a part.

9.     Upon the Effective Date, Lead Plaintiffs and all Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting or continuing to prosecute any action or proceeding of any kind in any court of law or equity, arbitration tribunal, administrative forum, or any other forum of any kind, asserting against any of the Liberty Silver Defendants or the Released Parties any of the Released Claims.  In accordance with Section 21D-4(f)(7)(A) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(f)(7)(A) (the "PSLRA"), the Settlement bars, upon the Effective Date, all future claims for contribution arising out of the Action – (i) by any person against any Released Party; and (ii) by the Released Parties against any person, other than a person whose liability has been extinguished by the Settlement.

10.     Upon the Effective Date, each of the Liberty Silver Defendants shall be deemed to have, and by operation of this Final Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished, and discharged from each and all of the Plaintiffs (except as to any individual or entity who has validly, timely, and completely requested exclusion from the Class), their respective present and former parents, subsidiaries, divisions and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys (including Lead Counsel), accountants, insurers, and agents of each of them, each of the foregoing solely in their capacity as such, and the predecessors, heirs, successors and assigns of each, from all claims of every nature and description, including known and Unknown Claims, relating to the institution, prosecution and/or resolution of the Action or the Released Claims.

11. The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Such notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and such notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law, including the Private Securities Litigation Reform Act of 1995.

12. Any Plan of Allocation submitted by Lead Counsel or any Fee and Expense Award or any reimbursement award to Lead Plaintiffs shall in no way disturb or affect this Final Judgment and Order of Dismissal and shall be considered separate from this Final Judgment and Order of Dismissal.

13. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing, fault or liability of the Liberty Silver Defendants or the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault, wrongdoing, omission or liability of any the Liberty Silver Defendants or the Released Parties in any court of law or equity, arbitration tribunal, administrative proceeding in any court, administrative agency or other tribunal, or any other forum of any kind. Defendants and the Released Parties may file the Stipulation and/or this Final Judgment and Dismissal in any action or proceeding that may be brought against them in

order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim.  In addition, nothing contained in this paragraph shall prevent the Stipulation and this Final Judgment and Order of Dismissal (or any agreement or order relating thereto) from being used, offered or received in evidence in any proceeding to approve, enforce or otherwise effectuate the Stipulation (or any agreement or order relating thereto) or this Final Judgment and Dismissal, or to enforce or effectuate provisions of the Settlement, this Final Judgment and Dismissal, or the Proofs of Claim and Release as to the Liberty Silver Defendants and the Released Parties.

14. Without affecting the finality of this Final Judgment and Order of Dismissal in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses and any reimbursement awards to Lead Plaintiffs in the Action; and (d) all Parties to the Stipulation for the purpose of construing, enforcing, and administering the Stipulation.

15. This Final Judgment and Order of Dismissal has no effect on Plaintiffs' claims against Defendants Robert Donald Bruce Genovese, BG Capital Group Ltd., Look Back Investments, Inc., or Outlook Investments, Inc. (the "BG Defendants"), and the Court specifically retains jurisdiction over such claims and defendants.

16. This Final Judgment has no effect on Plaintiffs' motion for class certification **[DE 144]** or any evidence or arguments that the parties make in connection with the litigation class, particularly whether Plaintiffs have satisfied the predominance test.

17. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

18. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned pursuant to the Stipulation, then this Final Judgment and Order of Dismissal shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 17 day of August 2015.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE