**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO.: 9:13-CV-80923-RYKSAMP/HOPKINS**

TODD STANAFORD a/k/a JERALD TODD STANAFORD, on behalf of himself and all others similarly situated,

Plaintiffs,

vs.

ROBERT DONALD BRUCE GENOVESE, WILLIAM TAFURI, GEOFFREY BROWNE, BG CAPITAL GROUP LTD, LOOK BACK INVESTMENTS, INC., LIBERTY SILVER CORPORATION AND OUTLOOK INVESTMENTS, INC.,

Defendants.
_________________________________________/

**DEFENDANTS ROBERT GENOVESE, BG CAPITAL GROUP LTD, LOOK BACK INVESTMENTS, INC. AND OUTLOOK INVESTMENTS, INC. MOTION AND MEMORANDUM FOR CLARIFICATION ON COURT'S ORDER ON PLAINTIFFS' MOTION FOR EXTENSION OF TIME**

Defendants Robert Genovese, BG Capital Group LTD, Look Back Investments, Inc., and Outlook Investments, Inc., (collectively the "BG Capital Defendants" or "Defendants") respectfully submit this motion and memorandum of law to request clarification regarding the January 7, 2016 Minute Order of this Court granting in part and denying in part Plaintiffs' Motion for Extension of Time for the reasons set forth below.

1. The initial Scheduling Order in this case [ECF No. 140] set discovery cut-off at December 4, 2015. Prior to that deadline Plaintiffs requested that the BG Capital Defendants agree to an extension of fact discovery. Eventually Defendants agreed to a two week extension. The discovery deadline was subsequently extended by the Court until December 24, 2015. [ECF No. 214].

2. On December 24, 2015, Plaintiffs filed a motion for Extension of Time, requesting "a limited extension of time in order to complete discovery respecting the aforementioned three (3) persons, namely Messrs. Desrochers, West and Morgan" ("Extension Request") [ECF No. 253]. In their proposed order, Plaintiffs requested a 90-day extension of the discovery deadline within which to try and complete the three depositions. [ECF No. 253-3]. Plaintiffs did not request additional time to conduct any discovery other than the three depositions; a general extension of fact discovery was not requested. The BG Capital Defendants opposed the extension.

3. On January 7, 2016, the Court granted in part and denied in part the Plaintiffs' Motion for Extension of Time ("Extension Order"). [ECF No. 260]. The Court granted the motion, in part, as to Plaintiffs' limited request for additional time within which to try and take and complete the three depositions; it denied the Plaintiffs' request for an extra 90 days to do so, limiting the time to 60 days, or by February 24, 2016.

4. Following the Court's Extension Order, Plaintiffs issued a subpoena to J.P. Desrochers for documents. BG Capital Defendants are unaware of any steps Plaintiffs have taken since the Court's Extension Order to secure the deposition of James West, for which Plaintiffs requested the issuance by the Court of a Letter of Rogatory, or the deposition of David Morgan.

5. On January 20, 2016, Plaintiffs served BG Capital Defendants with additional discovery requests which were not asked for, or mentioned, in either Plaintiffs' Extension Request or the Court's Extension Order. Specifically, on January 20, 2016, Plaintiffs' served BG Capital Defendants with: 1) a Second Request for Production of documents; 2) a First Request for Interrogatories; and 3) a notice of deposition under Fed. R. Civ. P. 30(b)(6) for BG Capital Group, Look Back Investments, and Outlook Investments. [1]

6. Plaintiffs' Extension Request did not seek authorization to serve new discovery requests as was done on January 20, 2016. The Court's Extension Order did not authorize any party to serve additional discovery requests. Accordingly, Defendants respectfully request that the Court

[1] Instead of issuing a notice of deposition for each named entity, which is the correct procedure under Rule 30(b)(6), Plaintiffs have incorrectly named all three entities under a single notice of deposition. *See* Fed. R. Civ. P. 30(b)(6).

enter an order clarifying that fact and precluding Plaintiffs from conducting any discovery other than to try and complete the three depositions cited in their Extension Request.

WHEREFORE, for the foregoing reasons, the BG Capital Defendants respectfully request that the Court enter an order clarifying its Order of January 7, 2016, specifying that the only discovery which can be conducted under that Order is the completion, if possible, of the three depositions requested by Plaintiffs in their Extension Request - the depositions of J.P. Desrochers, James West, and David Bond - prior to February 24, 2016.

Dated: January 28, 2016

Respectfully submitted,

*/s/ Jared J. Perez*

Burton W. Wiand, FBN 407690
Email: bwiand@wiandlaw.com
Jared J. Perez, FBN 0085192
Email: jperez@wiandlaw.com
WIAND GUERRA KING P.A.
5505 West Gray Street
Tampa, FL 33609
Tel: 813-347-5100
Fax: 813-347-5198

DORSEY & WHITNEY LLP
1801 K Street, N.W., Suite 750
Washington, D.C. 20006
Telephone: (202) 442-3000
Email: Gorman.tom@dorsey.com

By: */s/Thomas O. Gorman*
Thomas O. Gorman (*Pro Hac Vice*)

*Attorneys for Defendants Robert Donald Bruce Genovese, BG Capital Group LTD, Look Back Investments, Inc., and Outlook Investments, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on January 28, 2016, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document was served on all counsel of record or *pro se* parties, either via transmission of Notice of Electronic Filing generated by CM/ECF, or via other means if required.

By: */s/ Jared J. Perez*

**CERTIFICATE OF COMPLIANCE OF GOOD FAITH CONFERRAL**

Pursuant to Local Rule 7.1(a)(3), counsel for the BG Capital Defendants, Thomas O. Gorman, certifies that: on January 22, 2016 counsel for Defendants conferred with Plaintiffs' who indicated they oppose this Motion.

By: */s/ Thomas O. Gorman*
Thomas O. Gorman