**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:13-cv-80923-KLR**

TODD STANAFORD a/k/a JERALD TODD STANAFORD, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

ROBERT DONALD BRUCE GENOVESE, WILLIAM TAFURI, GEOFFREY BROWNE, BG CAPITAL GROUP LTD, LOOK BACK INVESTMENTS, INC., OUTLOOK INVESTMENTS, INC., AND LIBERTY SILVER CORPORATION,

Defendants.

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR CLARIFICATION ON COURT'S ORDER ON PLAINTIFFS' MOTION FOR EXTENSION OF TIME**

Plaintiffs Philip Hobley and Todd Stanaford ("Plaintiffs") hereby submit this Response in Opposition to Defendants' Motion for Clarification on Court's Order on Plaintiffs' Motion for Extension of Time ("Motion for Clarification") (Dkt. No. 277).

1. This action relates to an alleged "pump and dump" scheme whereby Defendants, particularly Defendant Robert "Bobby" Genovese ("Genovese") and companies controlled by him, allegedly manipulated the market for common shares of Liberty Silver Corporation ("Liberty Silver") by, among many other things, engaging a broker-dealer to aggressively push the stock onto unwitting clients and by disseminating materially false and/or misleading information regarding the worth of Liberty Silver's leased interest in an over-promoted silver mine in Nevada (*i.e.*, the Trinity Mine). Defendants' scheme, Plaintiffs allege, had the intended result of at least temporarily artificially increasing the value of their own Liberty Silver holdings -- to the detriment

of other Liberty Silver investors – and allowing Genovese to sell Liberty Silver shares at a substantial profit.

2. On December 24, 2015, Plaintiffs filed a Motion to Extend Discovery Deadline (Dkt No. 253). Plaintiffs sought to extend the December 24, 2015 discovery deadline because, despite diligent efforts Plaintiffs had been unable to obtain the discovery they sought from (1) J.P. Desrochers ("Desrochers"), a Florida-based analyst/promoter whom at the direction of Defendant Genovese, wrote analyses concerning the geological worth of the Nevada silver mine interest which is the principal asset of Liberty Silver, (2) James West ("West"), an Ontario Canada resident, who is alleged by Plaintiffs to have assisted Defendants in promoting Liberty Silver and its stock, and (3) David Morgan ("Morgan") a promoter of mining stocks and the author of "The Morgan Report" (an online blog that promotes investment principally in silver), who was served on August 27, 2015 with a third party subpoena to produce certain documents to Plaintiffs, but failed to comply with same, within the prescribed discovery period. *See id.* Plaintiffs requested a ninety (90) day extension to complete discovery.

3. On January 7, 2016 the Court entered an Order "granting in part and denying in part" Plaintiffs' Motion to Extend Discovery Deadline and ordering that "[a]ll discovery shall be completed by February 24, 2016." Dkt No. 260. Thus, the Court extended the deadline for all discovery, but only for 60 days, as opposed to the 90 days requested by Plaintiffs. *See id.*

4. Plaintiffs (1) deposed Desrochers on February 12, 2016, (2) are scheduled to depose West on February 19, 2016, and (3) served Morgan on January 19, 2016 with an order entered by the United States District Court for the Eastern District of Washington, requiring Morgan to show cause by February 2, 2016 why he should not be held in contempt for failure to comply with Plaintiffs' document subpoena. On February 5, 2016 Plaintiffs filed in the United States District

Court for the Eastern District of Washington a motion for contempt against Morgan after he failed to comply with the show cause order. The motion is pending.

5. On January 20, 2016, Plaintiffs served the BG Capital Defendants with additional discovery requests: (1) a second request for production of documents; (2) interrogatories; and 3) a notice of deposition (set for February 12, 2016) under Fed. R. Civ. P. 30(b)(6).

6. Defendants ask the Court to preclude discovery beyond third party witnesses Desrochers, West and Morgan. Defendants claim that because Plaintiffs only asked specifically to extend the discovery deadline to permit discovery from Desrochers, West and Morgan, the Court's January 7, 2016 Order only permitted further discovery from these three witnesses. Defendants refused to produce a Rule 30(b)(6) witness for deposition on February 12, 2016.

7. However, the Court's Order did not limit discovery to just these three witnesses. Rather, the Court's Order extending the discovery deadline applied to "all" discovery. A plain reading of the order does not demonstrate any particular limitations on discovery except that the new discovery cutoff date would be February 24, 2016. Indeed, the Court's Order permits Defendants to also conduct additional discovery.

Accordingly, the Court's Order is clear and Defendants' Motion to Clarify should be denied.

Dated: February 16, 2016

Respectfully Submitted,

/s/ Gary S. Menzer
Gary S. Menzer
Florida Bar No. 60386
**MENZER & HILL, P.A.**
7280 W. Palmetto Park Rd., Suite 301-N
Boca Raton, FL 33431
Telephone: (561) 327-7207
Facsimile: (561) 431-4611
Email: gmenzer@menzerhill.com

*Liaison Counsel for Plaintiffs*

William B. Federman (admitted *Pro Hac Vice)*
Stuart W. Emmons (admitted *pro hac vice*)
James P. Woodruff (admitted *pro hac vice*)
A. Brooke Murphy (admitted *pro hac vice*)
**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
Email: abm@federmanlaw.com

*Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was transmitted via CM/ECF on February 16, 2016 to the following:

Thomas O. Gorman
**DORSEY & WHITNEY LLP**
1801 K Street, N.W., Suite 750
Washington, DC 20006
gorman.tom@dorsey.com

*Counsel for BG Capital Defendants*

Jared J. Perez
Burton W. Wiand
**WIAND GUERRA KING, P.A.**
5505 West Gray Street
Tampa, FL 33609
iperez@wiandlaw.com
bwian@wiandlaw.com

*Liaison Counsel for BG Capital Defendants*

/s/ Gary S. Menzer