**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**Case No.: 13-CV-80923-RYSKAMP/HOPKINS**

TODD STANAFORD,

      Plaintiff,

v.

ROBERT DONALD BRUCE GENOVESE, et al,

      Defendants.

_____/

**ORDER DENYING MOTION TO EXCLUDE PLAINTIFF'S EXPERT [DE 167]**

**THIS CAUSE** comes before the Court on Defendants' motion to exclude **[DE 167]** the

expert report of Candace Preston, filed on July 15, 2015.  Plaintiff responded in opposition **[DE**

**184]** on August 14, 2015.  Defendant replied in support **[DE 190]** on August 24, 2015.  The

Court held a hearing on the motion **[DE 287]** on February 26, 2016.  This matter is now ripe for

adjudication.

"The admission of expert evidence is governed by Federal Rule of Evidence 702, as

explained by *Daubert*[1] and its progeny."  *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th

Cir. 2005) (citation omitted).   Under Rule 702 and *Daubert*, courts act as gatekeepers, admitting

expert testimony if it is reliable and relevant.  *Id.*  Therefore, courts engage in an inquiry to

determine whether:  "(1)  the expert is qualified to testify competently regarding the matters he

intends to address; (2) the methodology by which the expert reaches his conclusions is

sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).

testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *Id.* at 1291-92 (citing *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998)).

Defendants argue that the "Present Report and any testimony by Ms. Preston should be excluded" because her key opinions are "not supported by a reliable or any methodology and are contrary to law."   **[DE 167]**.   The Court disagrees with Defendants' arguments.   Although Defendants argue that Ms. Preston's analyses are insufficient to satisfy the *Daubert* standard, as stated at the hearing, the Court finds that Defendants' arguments challenge the *weight* that should be given to Ms. Preston's opinions.   Such an issue is not relevant to the *Daubert* inquiry. Accordingly, the Court **DENIES** Defendants' motion to exclude Plaintiff's expert.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 10 day of March 2016.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE